## Kraus, Appellant, *v.* Philadelphia.

Argued December 1, 1939.  Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John P. Connelly,* with him *Hugh P. Connolly,* for appellant.

*Abraham L. Shapiro,* with him *Abraham Wernick,* Assistant City Solicitors, and *Joseph Sharfsin,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE DREW, January 2, 1940:
Plaintiff, Napoleon F. Kraus, brought this suit in assumpsit against the City of Philadelphia to recover

his salary as real estate assessor from the date of his dismissal, February 18, 1937, until the time when his term expired. He had been appointed by the Board of Revision of Taxes of Philadelphia, (hereinafter referred to as the Board), for a term of five years, beginning December 31, 1936, at a fixed annual salary of $5,000.

By the Act of April 12, 1873, P. L. 715, the Board was required to divide the city into fifteen assessment districts and to appoint in each district two assessors for the term of five years. The Act provided that the assessors should be "subject to removal by the said board of revision for incompetency, neglect or refusal to faithfully perform the duties required by law :". Five months after our present Constitution became effective, the Act of June 5, 1874, P. L. 276, was passed and by its terms the Board was given authority to create additional assessment districts and to appoint additional assessors therein as the public interest should require. Pursuant to this authority, the Board from time to time increased the number of assessment districts and of real estate assessors, until on February 18, 1937, there were forty such districts and eighty real estate assessors. On that date the Act of 1937, P. L. 23, went into effect. This specifically repealed the Act of 1874 and provided that cities of the first class should be divided into fifteen assessment districts by the Board and that two assessors for each district should be appointed by it. This involved a reversion to the organization established under the Act of 1873, and the Board dismissed fifty of the eighty real estate assessors then in office, among them the plaintiff.

The basic question presented by plaintiff is whether the causes set forth in the Act of 1873, namely, incompetency, neglect and refusal to perform his duties were the sole conditions of tenure annexed to the office of real estate assessor. Plaintiff contends that the Act of 1873 was not affected by article VI, section 4, of the

State Constitution which permits the removal of appointed officers (other than judges of the courts of record and the Superintendent of Public Instruction) at the pleasure of the appointing power, and that the Act of 1937 is, therefore, in violation of article VI, section 4. That this is not so is too clear for argument. The wording of article VI, section 4, shows it was intended to supplant and supersede any prior legislation limiting the power to remove such officers. The language of this section is clear and unequivocal, and it is obvious that it is inconsistent with the existence of a right to remove from office only for cause. The appointing bodies are there endowed with the untrammeled right to dismiss at will, without the need of specifying any reason for the action: *Com. ex rel. v. Hiltner*, 307 Pa. 343; *Com. ex rel. Schofield v. Lindsay*, 330 Pa. 120. We so held in both these cases despite the argument, here raised again, that a statute antedating the Constitution prohibited the appointing power from dismissing without cause. Whether the Board was acting under the Act of 1873 or under the Act of 1937—by which it was expressly given this power—the Board which appointed plaintiff was legally empowered to remove its appointee without cause, by virtue of the constitutional provision.

This is the only question that needs to be decided. Extended discussion of the constitutionality of the Act of 1937 is not necessary. It is sufficient to point out here that the extra assessors occupied an office provided for by the legislature in the Act of 1874. It was clearly within the legislative power to abolish the offices it had thus created, and to effect a reorganization of the assessment districts to correspond with the system in force under the Act of 1873: *Com. ex rel. Braughler v. Weir*, 165 Pa. 284; see *Com. ex rel. Kelley v. Clark*, 327 Pa. 181, 187, 188.

Judgment affirmed; appellant to pay costs.