Commonwealth ex rel. Reinhardt, Appellant,
v. Randall.

Argued January 6, 1947. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Frank B. Murdoch,* with him *George H. Detweiler*
and *Murdoch, Paxson, Kalish & Dilworth,* for appellant.

*Lemuel B. Schofield,* with him *Benjamin B. Hoar*
and *W. Bradley Ward,* for appellee.

*Daniel Mungall, Jr., Leighton P. Stradley,* and *Stradley, Ronon, Stevens & Young,* filed a brief as amicus curiae.

OPINION BY MR. JUSTICE LINN, March 29, 1947:

The Philadelphia Housing Authority is a corporation existing pursuant to the Act of May 28, 1937, P. L. 955, 35 PS (Supp.) 1541, known as The Housing Authorities Law. Section 5 (b) provides that there shall be five members and ". . . in cities of the first class, the mayor shall appoint two members, the city controller shall appoint two members, and the four members, thus appointed, shall select a fifth member of such Authority." Member is defined as "One of the members of an Authority appointed in accordance with the provisions of this act." Section 3 (1), P. L. 957, 35 PS 1543.

The relator, Reinhardt, claims to be a duly appointed member of the Philadelphia Housing Authority and avers that since June 26, 1946, the respondent, Randall, has intruded and continues to intrude into the relator's office or membership in the corporation.

Randall was one of the two members of the Authority appointed by the city controller to a five year term beginning September 20, 1944. The Housing Authorities Law in section 6, P. L. 960, 35 PS 1546, provides that after the expiration of the terms of the first appointees (1, 2, 3, 4 and 5 years respectively) "the term of office shall be five years. A member shall hold office until his successor has been appointed. Vacancies for unexpired terms shall be promptly filled by the appointing power." The Act provides no method of removal of members: cf. *Weiss v. Ziegler,* 327 Pa. 100, 105, 193 A. 642.

On or about June 21, 1946, the city controller requested Randall's resignation as a member. He declined to resign, whereupon the city controller removed him

on June 24, 1946. He denied the controller's right to remove him and continued to attend meetings and attempted to exercise the rights, powers and duties of a member. The purpose of this suit is to determine whether the relator or the respondent is entitled to the office.

Judgment against the Commonwealth was entered and Reinhardt has appealed. There is no dispute of fact. The learned court appeared to be of opinion that the relator, Reinhardt, should be entitled to the office, but felt constrained to refuse relief on the authority of *Com. ex. rel. Kelley v. Sheridan,* 331 Pa. 415, 200 A. 102.

Section 4 of Article VI of the Constitution provides: "All officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime. Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed. All officers elected by the people, except Governor, Lieutenant Governor, members of the General Assembly and judges of the courts of record learned in the law, shall be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate."

We are concerned in this case with the provision [1] that "appointed officers . . . may be removed at the pleasure of the power by which they shall have been

---

[1] The case does not call for discussion of this provision; it was considered in *Georges Township School Directors Case,* 286 Pa. 129, 133 A. 223; *Suermann v. Hadley,* 327 Pa. 190, 193 A. 645; *Com. ex rel. v. Lindsay,* 330 Pa. 120, 198 A. 635; *Com. ex rel. v. Hiltner,* 307 Pa. 343, 161 A. 323; *Kraus v. Phila.,* 337 Pa. 30, 10 A. 2d 393; *Com. ex rel. Houlahen v. Flynn,* 348 Pa. 101, 34 A. 2d 59; *Milford Twp. Supervisors' Removal,* 291 Pa. 46, 139 A. 623; *Weiss v. Ziegler,* 327 Pa. 100, 193 A. 642.

appointed." The words must be understood in their popular sense as they were understood by the voters who adopted the constitution. Membership in the corporation is an office, as section 6 states. The respondent, appointed by the city controller, was an appointed officer and directly within the provision authorizing removal at the pleasure of the appointer, the city controller. When the controller removed the respondent in June, 1946, his right to the office was terminated. His removal created a vacancy in the office to which the city controller was authorized to appoint for the unexpired term. Nothing could be plainer. In considering the *Sheridan* case, which dealt with membership on the board of revision of taxes, it is necessary, as the briefs suggest, to go back to *Suermann v. Hadley*, 327 Pa. 190, 193 A. 645, a case that brought up for consideration, membership on the board of revision of taxes as affected by three acts of assembly approved April 28, 1937, to be found respectively at P. L. 472, 476, and 480. The case involved an attempt to legislate out of office the then existing members of the board by ending the terms of the members on the date the statute became effective (p. 197). The new legislation [2] provided for the creation of a new board consisting of seven members instead of three, and for the appointment of the seven members by the city treasurer and the city controller each appointing three, the seventh member to be appointed by both officers acting jointly. *Suermann v. Hadley*, supra, on a bill to restrain the controller and the treasurer from appointing a new board of seven members, decided that the legislature did not have the power to end the terms of the members of the existing board and that they remained in office. Having reached that conclusion, it became necessary (p. 198) to consider whether the legislature, if it had realized that part of the legis-

---

[2] At the next session of the legislature this legislation was repealed: Act of June 27, 1939, P. L. 1199, 1206.

lation was unconstitutional, would have enacted the rest of it or whether all the changes proposed by the legislature must be held ineffective. The question arose at a time in the year when the important work of assessment was being carried on (pp. 202-203) and when it could not be stopped without serious detriment to the city. The court concluded that the legislative provision for a new board of seven members, which could not be carried out as provided in the Act, would be satisfied by increasing the existing board of three members to seven by appointees of the controller and treasurer respectively. It was with respect to vacancies in this board that the question in the *Sheridan* case arose; that decision was criticised by Judge GORDON and his colleagues in their opinion filed in this case; we have accordingly reconsidered the subject and now disapprove of *Com. ex rel. Kelley v. Sheridan,* supra.

In the present case, the city controller's removal of the respondent, Randall, was clearly within the words of the constitutional provision. The order appealed from must therefore be reversed. The learned court was clearly right in rejecting as irrelevant the Mayor's statement, stipulated into the record, that he "has at all times approved and concurred in" the action of the city controller in removing respondent Randall. This point does not merit discussion.

Order reversed, record remitted to the end that judgment of ouster may be entered; each party to pay its own costs.