Commonwealth ex rel. Hanson, Appellant, *v.* Reitz.

Argued May 26, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Norman A. Krumenacker,* with him *Gleason & Krumenacker,* for appellants.

*Samuel R. DiFrancesco,* with him *Gilbert E. Caroff,* for appellees.

OPINION PER CURIAM, April 18, 1961:

A majority of the court is of opinion that the rationale of our decision in *Watson v. Pennsylvania Turnpike Commission,* 386 Pa. 117, 125 A. 2d 354, as applied by the decision for the court in *Bowers v. Pennsylvania Labor Relations Board,* 402 Pa. 542, 167 A. 2d 480, determines the construction to be placed on Section 6 of the Urban Redevelopment Law of May 24, 1945, P.L. 991, 35 PS §§1705-1706, here involved, and that the mayor of a third class city lacks power to

remove from office *at his pleasure* appointed members of an Authority created under that Act.

The judgment of the court below is reversed and the record remanded for further proceedings not inconsistent with this opinion.

Mr. Justice MUSMANNO dissents.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

Most disquieting still is the evident facility with which the majority repudiates, without mentioning, two well-considered unanimous opinions of the full membership of this court in *Commonwealth ex rel. Reinhardt v. Randall*, 356 Pa. 302, 51 A. 2d 751 (1947), and *Commonwealth ex rel. Houlahen v. Flynn*, 348 Pa. 101, 34 A. 2d 59 (1943). (See Justice B. R. JONES' dissent in *Bowers v. Pennsylvania Turnpike Commission*, 402 Pa. 542, 167 A. 2d 354 (1961).) I can only conclude that this is an obvious effort to bolster its own interpretation of Article VI, §4 of the Commonwealth's Constitution. This interpretation contravenes the clear language of the Constitution which means just what it says, that "Appointed officers may be removed at the pleasure of the [appointing] power." (See my dissent in *Bowers v. Pennsylvania Turnpike Commission*, supra.)

I dissent.