## Schluraff v. Rzymek, Appellant.

Argued April 23, 1964; reargued January 13, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John M. McLaughlin,* County Solicitor, for appellants.

*Lindley R. McClelland,* with him *Byron A. Baur,* and *Marsh, Spaeder, Baur, Spaeder & Schaaf,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 16, 1965:

In *Commonwealth ex rel. Hanson v. Reitz,* 403 Pa. 434, 170 A. 2d 111 (1961), *Bowers v. Pennsylvania Labor Relations Board,* 402 Pa. 542, 167 A. 2d 480 (1961), and *Watson v. Pennsylvania Turnpike Commission,* 386 Pa. 117, 125 A. 2d 354 (1956), we held that where the legislature creates a public office and provides that the holders of that office shall be appointed for fixed terms with *staggered expiration dates,* the presence of staggered terms indicates a legislative intent that the holders of the office are not removable by the appointor at his pleasure.

Here the lower court relied for its decision on *Reitz, Bowers* and *Watson.* It did so improperly since the officer involved in this litigation was appointed to the Board for the Assessment and Revision of Taxes for a fixed term expiring simultaneously with the terms of the other appointees to the Board and thus does not come within the *staggered term* rule of the above cases. The Board of Commissioners for a Third Class County is empowered by Article VI, §4 of the Pennsylvania Constitution to dismiss a member of the Board for the Assessment and Revision of Taxes at its pleasure and neither the staggered term doctrine nor Article XII, §1 of our Constitution insulates him from such dismissal.

Judgment reversed and remanded for further action by the court below consistent with this opinion.

CONCURRING OPINION BY MR. JUSTICE JONES:

Believing that the Board of Commissioners of Erie County had the power to dismiss *at pleasure* Schluraff, an appointed member of the Board for the Assessment and Revision of Taxes of Erie County, I concur in the result reached in the majority opinion.

However, I must disassociate myself from the reasoning in the majority opinion which seeks to differentiate between the impact of a staggered or rotated term provision in a statute and a definite or fixed term provision in a statute as indicative of a legislative purpose to condition the terms or tenure of appointees to a legislatively created office. Despite our previous rulings to the contrary in *Commonwealth ex rel. Houlahen v. Flynn*, 348 Pa. 101, 34 A. 2d 59 and *Commonwealth ex rel. Reinhardt v. Randall*, 356 Pa. 302, 51 A. 2d 751, our Court held in *Watson v. Pennsylvania Turnpike Commission*, 386 Pa. 117, 125 A. 2d 354, *Bowers v. Pennsylvania Labor Relations Board*, 402 Pa. 542, 167 A. 2d 480 and *Commonwealth ex rel. Hanson v. Reitz*, 403 Pa. 434, 170 A. 2d 111: "that where the legislature creates a public office and provides that the holders of that office shall be appointed for fixed terms with *staggered expiration dates,* the presence of staggered terms indicates a legislative intent that the holders of the office are not removable by the appointor at his pleasure."[*]

In *Bowers* and *Reitz* I dissented on the ground that such staggered term provisions do not indicate any such legislative intent and to that view I still adhere. In *Bowers,* in dissenting, I stated (576): "if a staggered or rotated term provision is indicative of a legis-

---

[*] From the majority opinion.

lative purpose to condition the terms or tenure of appointees to a legislative office, then certainly a statutory provision fixing a definite term for such appointees . . . reflects such legislative aim with greater strength and force."

I believe that under our Constitution and our case law, prior to *Watson, Bowers* and *Reitz,* it is clear beyond any question that neither a staggered or rotated term statutory provision nor a fixed or definite term statutory provision reflects any legislative intent contraindicating the right of the appointing power to remove the appointed officer *at pleasure.* In the following cases, even though the statute creating the offices set *fixed terms* for the appointed officers, we held that such statutory provisions setting fixed terms did not reflect any legislative aim or purpose to protect such appointed officers from dismissal *at the pleasure* of the appointing power: *Weiss v. Ziegler,* 327 Pa. 100, 193 A. 642; *Commonwealth ex rel. Schofield v. Lindsay,* 330 Pa. 120, 198 A. 635; *Kraus v. Philadelphia,* 337 Pa. 30, 10 A. 2d 393.

The majority errs in attempting to distinguish between the effect of a statutory provision creating a staggered or rotated term for an appointed officer and a statutory provision providing for a fixed term for such appointed officer. In my opinion, in neither instance has the legislature by its definition of the terms of the appointed officers intended to protect such appointed officers from removal at the pleasure of the appointing power.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I disagree with the conclusion of the majority that a member of the board of assessment, duly appointed for a full four year term, may be dismissed without cause by the board of county commissioners at any

time, at the commissioners' sole pleasure. I am unable to join the majority in today approving what may have been acceptable patronage-spoils practice a century ago.

Even the most elementary student of civics or political science is fully aware of the evils of a politically motivated, non-merit system of governmental employment. The extravagant wastefulness, inefficiency and complete undesirability of permitting public governmental positions to be utilized as part of a system of rewards and discipline based on non-merit considerations has long been recognized as a practical and effective deterrent to good governmental administration. Fortunately, in many important areas of government the use of public positions for political purposes has been completely discredited and rejected as an acceptable or permitted practice in modern administration of public affairs.[1]

I believe the statute involved in this case manifests such a rejection in regard to the positions with which it deals. It is, therefore, disturbing to witness the majority's haste to give its approval to the restoration of unsound and repudiated spoils practice. To achieve this unsound and undesirable result, the majority deliberately ignores clear statutory language and holds that a term of four years does not mean a term of four years but a tenure terminable at the will of the appointing power.

The Board of County Commissioners on July 20, 1962, appointed three members to the Board for the Assessment and Revision of Taxes "to serve for terms

---

[1] The undisputed and highly desirable trend in government, at all levels, has been to free public employees from the control of political influence of the appointing power. This has been the clear mission of the ever increasing host of civil service enactments for local, state and national governmental bodies.

of four years each."[2]   On January 6, 1964,[3] one of the members of the board of assessment was dismissed, as the court below noted, "without hearing and . . . without cause. Two of the previously appointed members of the Board of Assessment were retained and another person was appointed as the third member of the Board."

The majority accords no meaning whatever to the statutory language directing appointees "to serve for terms of four years each". It seems indeed almost impossible to read the statute as having precisely the same meaning as though the Legislature had not specified four year terms.

The court below, in a comprehensive and persuasive opinion based on the authority of *Reitz*,[4] *Bowers*[5] and *Watson*,[6] held, in conformity with the decisions of this Court, that the county commissioners did not have the absolute and unrestricted right of dismissal at whim which they here sought to exercise.

———

[2] "In all counties of the third class in this Commonwealth, there is hereby created a board, to be known as the Board for the Assessment and Revision of Taxes, which shall be composed of three members. The members of said board shall be appointed by the county commissioners of such counties to serve for terms of four years each. Vacancies happening in said office shall be filled by appointment by the county commissioners for the unexpired terms. The salary of the members of said board shall be fixed by the salary board of the county." Act of June 26, 1931, P. L. 1379, §1, 72 P.S. §5342.

[3] The hearing court observed: "As a result of an election held in November 1963, one of the County Commissioners failed to be re-elected and another person was elected to that office." .

[4] *Commonwealth ex rel. Hanson v. Reitz*, 403 Pa. 434, 170 A. 2d 111 (1961).

[5] *Bowers v. Pennsylvania Labor Relations Bd.*, 402 Pa. 542, 167 A. 2d 480 (1961).

[6] *Watson v. Pennsylvania Turnpike Comm'n*, 386 Pa. 117, 125 A. 2d 354 (1956).

By the Act of 1931, the Board of County Commissioners is given the limited power to appoint members to the board of assessment for a fixed four year term. The board of assessment has important functions. "The Board for the Assessment and Revision of Taxes is a quasi-judicial body: Commonwealth ex rel. Kelley v. Sheridan, 331 Pa. 415. It has the power to select its own solicitor, engineers, and clerks, and to prescribe rules and regulations for the conduct of subordinate assessors. Its duty is to fix assessments and hold hearings where complaints are made with respect thereto. Appeals from its decisions go directly to the Court of Common Pleas, and from the decision of this court to the Superior or Supreme Court as now provided by law."[7] It seems almost inconceivable that the Legislature vested the commissioners with the unlimited power, in spite of the statutory language, to remove and replace officers performing such fundamentally important, quasi-judicial functions as tax assessment and revision.

With the appointment of members to the board of assessment for the legislatively specified four year term, the power of the county commissioners over the board members for purposes of this controversy ended.

To allow the county commissioners the unlimited removal power which they here exercised requires that the language of the Legislature be ignored and that the Legislature be regarded as impotent to effectuate the realities and the prevailing principles of good governmental service. The whole trend of modern governmental structure has been to insure, particularly in quasi-judicial offices, independence and freedom from homage to the appointing power.[8] To avoid the

---

[7] From the opinion of the court below.

[8] It is undisputed that the power to appoint and remove is the power to control. The concept of control over a person performing judicial or quasi-judicial functions was so abhorrent to the

unwholesome implications of daily dependence upon the pleasure of the appointing power requires that such control be removed wherever possible.[9] Surely, this is the public interest which the Legislature sought to advance by mandating fixed terms of office for appointees to the Board of Assessment.

I dissent also from the cavalier fashion in which the majority attempts to dismiss not only the sound reasoning of the court below, but also the binding effect of the controlling decisions of *Reitz, Bowers* and *Watson*. The majority assumes the correctness of its conclusion by merely asserting that the four year term here "does not come within the staggered term rule of" *Reitz, Bowers* and *Watson*. What the majority actually does is to squarely overrule these cases without saying so.

To attach to a staggered four year term a tenure of office for four years, but to deny such tenure to a fixed four year term, is to engage in a futile search for legislative significance which obviously does not exist. Nor does the staggered term rule in any way justify the conclusion that a fixed four year term does not mean a definite term of four years but means rather an uncertain and indefinite term whose duration is determined solely by the fancy of the appointing power.

I fail to see how there is any difference in the actual period of time between the beginning and end of a four year term, staggered or otherwise. Both in-

---

founders of this nation that in their indictment against the King of Great Britain they said: "He has made Judges dependent on his will alone, for the tenure of their offices, and the amount and payment of their salaries." Declaration of Independence. This abhorrence of judicial control was so strong and fixed that in Article III, Section 1 of the Constitution of the United States, the framers made the tenure of federal judges for life, dependent upon good behavior.

[9] See the quotation from *Humphrey's Executor v. United States*, note 10 infra.

volve precisely the same calendar period of time. Neither four year term is longer nor shorter than the other four year term. Both terms merely measure the length of the appointed period of service. No more than this is involved in properly construing the statutory four year term in this controversy. Despite this clarity and preciseness of the legislative direction for a four year term, the majority holds that a staggered four year term means four years but that a fixed four year term itself means only that the appointee may be removed at any time beginning with the day of the four year appointment.

I am in full agreement with the logic and force of the observation made by Mr. Justice JONES in his dissenting opinion in *Bowers* which is especially pertinent here: "[I]f a staggered or rotated term provision is indicative of a legislative purpose to condition the terms or tenure of appointees to a legislative office, then certainly a statutory provision fixing a definite term for such appointees or a provision permitting the removal of such appointees for cause reflects such legislative aim with greater strength and force." 402 Pa. at 576, 167 A. 2d at 496.[10]

I cannot conceive that the Legislature intended its direction "to serve for terms of four years each" to be meaningless and wasted verbiage. Since the direction for a four year term is in clear language, its plain meaning should be given effect.

I dissent and would affirm the court below.

Mr. Chief Justice BELL and Mr. Justice O'BRIEN join in this dissenting opinion.

---

[10] See also the able discussion by Chief Justice JONES in his "further opinion" in *Bowers*, 402 Pa. at 552-58, 167 A. 2d at 484-87. Chief Justice JONES quotes from *Humphrey's Executor v. United States*, 295 U.S. 602, 629, 55 S. Ct. 869, 874. (1935): "[I]t is quite evident that one who holds his office only during the pleasure of another, cannot be depended upon to maintain an attitude of independence against the latter's will."