380 A.2d 761

**Earl E. HERRIMAN, Appellant,**

v.

**Francis S. CARDUCCI, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 11, 1977.

Decided Dec. 1, 1977.

Scott A. Williams, Williamsport, for appellant.

Richard H. Roesgen, McNerney, Page, Vanderlin & Hall, Williamsport, for appellee.

Ronald C. Travis, Asst. City Sol., Williamsport, for amicus curiae, City of Williamsport.

Charles J. McKelvey, McNerney, Page, Vanderlin & Hall, Williamsport, for amicus curiae, Redevelopment Authority of the City of Williamsport.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

In June of 1969, appellee, Frank Carducci, was appointed by the mayor of the City of Williamsport to a five year term on the Redevelopment Authority of the City of Williamsport. In June of 1974, upon the expiration of Carducci's term, the mayor appointed appellant, Earl Herriman, to succeed Carducci as a member of the Authority. This appointment was also for a five year term. Appellant then filed an action in quo warranto requesting that he be declared the rightful holder of the office of member of the Redevelopment Authority. Following the close of pleadings, appellant and appellee both moved for judgment on the pleadings. The trial court granted the appellee's motion. Appellant then appealed to the Commonwealth Court. That court transferred the case to this Court. See the Act of July 31, 1970, P.L. 673, 17 P.S. § 211.202(2) (Supp.1977–78). For the reasons that follow we reverse and remand with instructions that judgment be entered for the appellant, who legally holds the office of member of the Redevelopment Authority.

The only issue presented is whether the appointment of the appellant as a member of the Redevelopment Authority can legally be made by the Mayor alone, or whether the appointment requires the consent of the City Council of Williamsport.

It is undisputed that state law does not require the consent of city council but provides for appointment by the Mayor alone. Section 5 of the Urban Redevelopment Law, 35 P.S. § 1705 (1977), reads as follows:

"Upon certification of a resolution declaring the need for an Authority to operate in a city or county, the mayor or board of county commissioners thereof, respectively, shall appoint, as members of the Authority, five citizens who

shall be residents of the city or county in which the Authority is to operate."

Appellee, although conceding that § 5 of the Urban Redevelopment Law does not require that the mayor's appointees be approved by city council, contends that the statute was legally superseded by an ordinance adopted by the Williamsport City Council one month prior to the appellant's appointment. That ordinance, § 175.01 of Ordinance 4640, provides:

"Where the appointment of members to authorities, boards or commissions is vested in the City by statute or ordinance, such members shall be appointed by the mayor with the advice and consent of council."

In effect, appellee claims that this local ordinance allows city council to vest itself with a power specifically withheld by the General Assembly in the Urban Redevelopment Law. We cannot agree with that position.

Appellee argues that the Optional Third Class City Charter Law applicable to Williamsport contains a grant of power authorizing the City Council of Williamsport to nullify § 5 of the Urban Redevelopment Law. Section 301 of the Charter Law refers to "the grant of powers and the limitations, restrictions and regulations *hereinafter* prescribed . . .." 53 P.S. § 41301 (Supp.1977–78). The hereinafter grant of power to the City of Williamsport is contained in § 303 of the Charter Law. The relevant portion of that section provides:

"Each city governed by an optional form of government pursuant to this act shall, subject to the provisions of and limitations prescribed by this act, have full power to . . [o]rganize and regulate its internal affairs, and to establish, alter, and abolish offices, positions and employments and to define the functions, powers and duties thereof and fix their term, tenure and compensation." *Id.* § 41303(1).

One "limitation" referred to in § 303 appears in § 305 of the Charter Law and states in pertinent part:

"Notwithstanding the grant of powers contained in this act, no city shall exercise powers contrary to or in limita-

tion or enlargement of powers granted to the city by acts of the General Assembly which are: (2) Applicable in every part of the Commonwealth [or] (3) Applicable to all the cities of the Commonwealth. 53 P.S. § 41305(2), (3)."

We cannot agree with appellee that city council's power to nullify § 5 of the Urban Redevelopment Law flows from the Charter Law. Section 303 only grants to the city of Williamsport the power to "organize and regulate its internal affairs." Although the phrase internal affairs is quite general, we have no doubt that the appointment of a member to the Redevelopment Authority does not concern "the internal affairs" of the city of Williamsport. The Urban Redevelopment Law § 4, explicitly states that an authority, once created, "shall in no way be deemed to be an instrumentality of such city," and is in no way "engaged in the performance of a municipal function." 35 P.S. § 1704. An authority under the Urban Redevelopment Law is an agent of the Commonwealth and not of the local government body. *Id.* § 1709. As can be seen, the legislature in no uncertain terms has made it clear that a redevelopment authority is a completely separate entity from the city. The fact that the mayor of the city is authorized to make the appointment of its members does not make an appointment a matter concerning the internal affairs of the city.

We are mindful of § 304 of the Charter Law which provides that the grant of power in § 303 is to be liberally construed in favor of granting power to the city. That section, however, does not mean that a power not contained in § 303 should be included therein.

Even if we were to assume that the appointment of a member of the Redevelopment Authority comes under the category of "internal affairs," we would still have to hold that the local ordinance did not supersede § 5 of the Urban Redevelopment Law. This is because § 305 of the Charter Law contains limitations on the grant of power contained in § 303. The effect of § 305, previously quoted, is that no city shall exercise powers contrary to acts of the General Assembly if such acts are "applicable to *all the cities* of the

Commonwealth." 53 P.S. § 41305(3) (Supp.1977–78). [Emphasis added]. The Urban Redevelopment Law is an act of the General Assembly which is applicable to *all cities* in the Commonwealth. 35 P.S. § 1703. Thus, the limitation contained in § 305 precludes a municipality from superseding and nullifying § 5 of the Urban Redevelopment Law.

Appellee relies on *Greenberg v. Bradford*, 432 Pa. 611, 248 A.2d 51 (1968), and *Lennox v. Clark*, 372 Pa. 355, 93 A.2d 834 (1953). Neither case, however, is controlling in the matter before us. *Greenberg*, which arose under the same Charter Law applicable in this case, held that § 303 of the Charter Law granted to a third class city the power to regulate its own employees. Here we are not concerned with an employee of the city. *Greenberg* also held that the § 305 limitation on the grant of power in § 303 was not applicable because the state statute superseded was only applicable to third class cities and not to *all cities*. In this case the state statute is applicable to *all cities* and therefore falls under the limitation contained in § 305.

*Lennox* was concerned with a different enabling act, the First Class City Home Rule Act, an Act similar to the Charter Law so far as the issue before us is concerned. Like *Greenberg*, *Lennox* was concerned with a city's grant of power over its own officers and employees. *Lennox* also held that § 18 of the Philadelphia Home Rule Act, a provision similar to § 305 of the Charter Law, did not preclude the City of Philadelphia from regulating its own officers and employees. Therefore, neither *Greenberg* nor *Lennox* controls in this case, which involves a member of the redevelopment authority who is not an officer or employee of the city of Williamsport.

We also note that § 607 of the Charter Law, applicable to this case, specifically states: "Council shall determine its own rules of procedure not inconsistent with ordinance or statute . . . ." 53 P.S. § 41607 (Supp.1977–78). In this case, the ordinance purports to establish a rule of procedure which is in direct violation of § 607.

In providing for the creation of redevelopment authorities throughout the state, the General Assembly provided for appointment by the mayor only. Nothing in the Optional Third Class City Charter Law, which gave third class cities the ability to organize and regulate their own internal affairs, empowers a city council to circumvent this statutory scheme by investing itself with powers denied to it by the Urban Redevelopment Law. *Cf. Deer Creek Drainage Basin Authority v. County Board of Elections of Allegheny County*, 475 Pa. 491, 381 A.2d 103 (1977).

The order of the Court of Common Pleas is reversed and the matter is remanded with instructions that judgment be entered in favor of the appellant.

JONES, former C. J., did not participate in the consideration or decision of this case.