392 A.2d 1337

**COMMONWEALTH of Pennsylvania ex rel. Patrick SORTINO and Anthony P. Renaldi**

v.

**Ralph SINGLEY and Philip B. Mitman, Appellants.**

Supreme Court of Pennsylvania.

Submitted April 11, 1978.

Decided Oct. 5, 1978.

Hogan & Scott, James C. Hogan, Easton, for appellants.

Brose, Poswistilo, LaBarr & Kreglow, Frank S. Poswistilo, Easton, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellants, Ralph Singley and Philip Mitman, challenge the judgment of ouster removing them from the Redevelopment Authority of the City of Easton. Finding no merit in their claims, we affirm.[1]

On December 31, 1975, the outgoing Mayor of Easton appointed appellees, Frank Sortino and Anthony Renaldi, to the Redevelopment Authority of the City of Easton to serve fixed, staggered terms of office.[2] Appellee Renaldi succeeded appellant Singley, whose term of office had expired but who continued in office pending appointment of his successor.[3] Appellee Sortino succeeded a member whose term also had expired but already had left office. On January 9, 1976, four days after taking office, the new Mayor of Easton by written declaration "voided" the appointment of appellees, and appointed appellants in their stead. An action of quo warranto was filed in the Court of Common Pleas of Northampton County on appellees' behalf. Judge Williams declared null and void the appointment of appellants, ordered

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(2), 17 P.S. § 211.202(2) (Supp. 1978).

2. Under the Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, § 6, 35 P.S. § 1706 (1977) (quoted in text infra), members of a redevelopment authority are to serve five year terms. The statute "staggers" the terms of office by providing for their expiration in different years.

3. See Urban Redevelopment Law, § 6, 35 P.S. § 1706, permitting members whose terms have expired to remain in office until a successor has been appointed.

their removal "from any further participation in or claim to membership in the Redevelopment Authority," and declared appellees lawful members of the Authority. This appeal followed.

Two issues arise out of this controversy. First, appellants challenge the validity of the outgoing mayor's appointments, on the theory that, by delaying the appointment of new members to the Authority, he forfeited his statutory power to appoint. Second, appellants argue that the new mayor could properly remove and replace appellees, either at will or for the "just cause" they believe is presented in this case.

The Redevelopment Authority of the City of Easton is an agent of the Commonwealth subject to the Urban Redevelopment Law. Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, § 9, 35 P.S. § 1709 (1977); *Herriman v. Carducci,* 475 Pa. 359, 380 A.2d 761 (1977); cf. *Deer Creek Drainage Basin Authority v. County Board of Elections,* 475 Pa. 491, 381 A.2d 103 (1977) (joint municipal authorities agents of the Commonwealth). Under the Law, "five citizens" are to comprise the redevelopment authority. Urban Redevelopment Law, § 5, 35 P.S. § 1705. Appointments to the authority are to be made "by the Mayor alone." *Herriman v. Carducci,* 475 Pa. at 361, 380 A.2d at 763 (interpreting § 5 of the Law, 35 P.S. § 1705). Section 6 of the Law, 35 P.S. § 1706, provides:

"The members who are first appointed shall serve for terms of one, two, three, four and five years, respectively, from the date of their appointment as shall be specified at the time of their appointment. Thereafter, the term of office shall be five years. A member shall hold office until his successor has been appointed. Vacancies for unexpired terms shall be promptly filled by the appointing power. . . . "

■ Neither appellee was appointed to succeed a member leaving the Redevelopment Authority during a term of office. Appellees succeeded members whose terms of office had expired. Under the Law, a member whose term of office has expired is permitted to remain on the Authority

"until his successor has been appointed." Id. Thus, the Legislature has provided a specific solution for the situation where, as here, for whatever reason, a mayor does not appoint successors immediately upon the expiration of members' terms.

Nothing in the Urban Redevelopment Law suggests that a mayor who fails to appoint successors forfeits his appointing power. Rather, the Legislature has chosen to keep the appointing power within the hands of a single public official. As Judge Williams correctly concluded:

"The statute provides for no appointing power, substitute, successor, or otherwise, other than the Mayor. [*Herriman v. Carducci*, supra.] When the Mayor finally makes the appointments and corrects the situation, his action should not be deemed ineffectual merely because he caused the problem which he now corrected."

We therefore agree with the court of common pleas that the outgoing mayor's appointment of appellees was lawful under the Urban Redevelopment Law.

Likewise the court of common pleas properly concluded that the new Mayor of Easton could not remove appellees from office. Appellants rely upon the Constitution of Pennsylvania in first arguing that the new mayor could remove appellees at will. Article VI, Section 7 of the Constitution provides in part:

"Appointed civil officers, other than judges of the courts of record, may be removed at the pleasure of the power by which they shall have been appointed."

Appellants ignore, however, Article VI, Section 1, which provides:

"All officers, whose selection is not provided for in this Constitution, shall be elected or appointed as may be directed by law."

It is "established in this State beyond respectable controversy that, where the legislature creates a public office, it may impose such terms and limitations with reference to the tenure or removal of an incumbent as it sees fit." *Watson*

*v. Pennsylvania Turnpike Commission,* 386 Pa. 117, 123, 125 A.2d 354, 356 (1958) (discussing predecessor of Pa. Const. art. VI, § 1). Whether an appointed civil officer holding a legislatively created office is subject to removal at the pleasure of the appointing power depends upon legislative intent, "to be gleaned from the statute creating or regulating the office." Id., 386 Pa. at 124, 125 A.2d at 357.

The trial court properly recognized that this Court has already examined the Urban Redevelopment Law in conjunction with the above constitutional provisions to determine whether appointed members of a redevelopment authority are removable at the will of the appointing power. In *Commonwealth ex rel. Hanson v. Reitz,* 403 Pa. 434, 170 A.2d 111 (1961), we held that a "Mayor of a third class city lacks power to remove from office *at his pleasure* appointed members of an Authority created under [the Urban Redevelopment Law]." 403 Pa. at 435–36, 170 A.2d at 111. *Reitz* built upon *Watson,* supra, where we determined from the Legislature's design of the Turnpike Commission, whose members held staggered, fixed terms of office, an intent to take away from the Governor the power to remove Commission members at will. "[The Governor] could render all of the offices vacant at one time which, obviously, the [Turnpike] Act was specifically designed to [avoid]." *Watson v. Pennsylvania Turnpike Commission,* 386 Pa. at 128, 125 A.2d at 357. *Reitz* also relied upon *Bowers v. Pennsylvania Labor Relations Board,* 402 Pa. 542, 167 A.2d 480 (1961), where we again followed *Watson* in concluding that members of the Pennsylvania Labor Relations Board, holding fixed terms with staggered expiration dates, could not be removed at the Governor's will.

Nothing in the Urban Redevelopment Law has changed since our decision in *Reitz.* Under Section 6 of the Law, "members . . . first appointed shall serve for terms of one, two, three, four and five years . . . from the date of their appointment . . . . Thereafter, the term of office shall be five years." A redevelopment authority therefore consists of members whose fixed terms of office

expire at staggered dates. Under *Reitz, Bowers,* and *Watson,* the new Mayor of Easton could not remove appellees from office at his pleasure.

Moreover, nothing in our decisions subsequent to *Reitz, Bowers,* and *Watson* suggests that the "fixed, staggered" rule is no longer valid. As the trial court pointed out, in *Schluraff v. Ryzmek,* 417 Pa. 144, 208 A.2d 239 (1965),

"Three of the four justices in the majority agreed with the staggered rule of *Watson, Bowers* and *Reitz.* The three dissenting justices also agreed with those decisions, but wished to expand the rule and hold that wherever a fixed term was provided by statute, regardless of whether staggered terms were involved, the appointees could not be removed at the pleasure of the appointing power."

We adhere to the view expressed in *Reitz* that the Urban Redevelopment Law, creating fixed, staggered terms of office, demonstrates a legislative intent to deny the mayor the right to remove, at his pleasure, members of the Redevelopment Authority. Appellants' contention on this issue is therefore without merit.

Appellants' remaining justification for the new Mayor of Easton's removal of appellees was that "just cause" existed for appellees' removal. According to appellants, the Redevelopment Law, by specifying staggered terms of office, contemplates that members of the Authority will have varying degrees of experience in office and that appellees' inexperience provided cause. This contention, too, was properly rejected by the court of common pleas:

"There are . . . many conceivable situations where an authority could consist of a majority of inexperienced members. The most obvious would be where the authority has just been established or where a series of deaths or resignations have occurred within a short period of time. The statute does not limit or otherwise change an authority's powers simply because the majority of its members lack experience.

[If lack of experience were just cause for dismissal,] any newcomer to office would be forced to serve at his peril

until he reached the point where he was considered 'experienced.' "

Our review of the record convinces us that there is no basis for disturbing the determination of the court of common pleas.

Judgment of ouster affirmed.