## Hanover Area School District v. Wilkes-Barre Area Vocational-Technical School Joint Operating Committee

*Albert J. Flora, Jr.*, for plaintiff.
*Thomas J. Glenn, Jr.*, for defendant.

PODCASY, *J.*, July 17, 1980—This matter comes before the court on defendant's preliminary objections to the amended complaint of plaintiff.

## HISTORY OF THE CASE

The following history is stipulated to by both parties as being factual.

"On December 14, 1978, the Hanover Area School Board appointed Mr. Daniel Stadulis as its representative to the Wilkes-Barre Area Vocational-Technical School Board for a three (3) year term. The Hanover Area School District is one of five (5) participating districts which together comprise the Wilkes-Barre Vocational-Technical School. The other participating districts are the Greater Nanticoke Area School District, the Pittston Area School District, Crestwood Area School District, and the Wilkes-Barre Area School District. Under Articles of Agreement signed by the participating districts which became effective on May 15, 1968, it was agreed that members of the Joint Operating Committee of the Wilkes-Barre Area Vocational-Technical School would be elected as set forth in Section 1850.3(c) of the School Code. A copy of the Articles of Agreement is attached to Plaintiff's Amended Complaint as Exhibit 'A.'

"At a Reorganization Meeting of the Board of School Directors of the Hanover Area School District held on December 6, 1979, a Resoluton was adopted to remove Daniel Stadulis as the Hanover Area School District's representative on the Wilkes-Barre Area Vocational-Technical School Joint Operating Committee. The Joint Operating Committee of the Wilkes-Barre Area Vocational-Technical School has refused to remove Daniel Stadulis prior to the expiration of his three (3) year term.

"On March 5, 1980, the Plaintiff filed a Complaint in Mandamus. The Defendant filed Preliminary Objections to the original Complaint and

thereafter the Plaintiff filed an Amended Complaint on March 19, 1980. The Defendant has filed Preliminary Objections to the Amended Complaint in the nature of a demurrer, which were verified and endorsed with a Notice to Plead. The Preliminary Objections to the Amended Complaint are now before the Court for determination."

## DISCUSSION

It is the position of plaintiff, Hanover Area School District, that a member of a joint operating committee selected pursuant to section 1850.3(c) of the Public School Code of March 10, 1949, P.L. 30, added February 1, 1966, P.L. (1965) 1632, 24 P.S. §18-1850.3(c), may be removed from membership on the joint operating committee by a participating board of school directors prior to the expiration of his three year term. Defendant contends that such removal is prohibited under the pertinent section which reads:

"Each participating board of school directors shall elect one or more of its members, as the case may be, to serve on the area vocational-technical committee. The committee members, so elected, shall serve for a three-year term, commencing the day of their election in the month of December. . . ."

Plaintiff school district contends that it now has the right to remove its appointed representative to the Wilkes-Barre Area Vocational-Technical Joint Operating Committee even though he has served only one year of his three year term. As authority for same, the school district relies on the Pennsylvania Constitution, art. VI, §7, which provides in part as follows:

"Appointed civil officers, other than judges of the courts of record, may be removed at the pleasure of the power by which they shall have been appointed."

However, art. VI, §1, provides: "All officers, whose selection is not provided for in this Constitution, shall be elected or appointed as may be directed by law."

In Com. ex rel. Sortino v. Singley, 481 Pa. 367, 371-72, 392 A. 2d 1337 (1978), relied upon by both parties herein, the court stated:

"It is 'established in this State beyond respectable controversy that, where the legislature creates a public office, it may impose such terms and limitations with reference to the tenure or removal as it sees fit.' Watson v. Pennsylvania Turnpike Commission, 386 Pa. 117, 123, 125 A. 2d 354, 356 (1958) (discussing predecessor of Pa. Const. art. VI, §1). Whether an appointed civil officer holding a legislatively created office is subject to removal at the pleasure of the appointing power depends upon legislative intent, 'to be gleaned from the statute creating or regulating the office.' Id. 386 Pa. at 124, 125 A. 2d at 357."

The appointment and term of office for a member of the joint operating committee has been directed by the Pennsylvania Legislature in section 1850.3(c) of the Public School Code of 1949, which specifically states that the committee members elected by the participating board of school directors shall serve for a three year term, commencing the day of their election in the month of December. The code fails to provide that the said member chosen can be removed prior to the expiration of his three year term, and thus it seems that we should be

guided by section 1921 of the Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1921, which requires us to consider: (1) the occasion and necessity for the statute; . . . and (4) the object to be attained.

## CONCLUSION

From the foregoing we can and do conclude that the General Assembly as stated in 1 Pa.C.S.A. § 1922 does not intend a result that is absurd, impossible of execution, or unreasonable; and that, on the contrary, the General Assembly intends the entire statute to be effective and certain and it certainly does not intend to violate the Constitution of the United States or of the Commonwealth.

To remove Mr. Stadulis for no legal reason whatsoever prior to the expiration of the three year term to which he was appointed would cause each member of the committee to serve at his or her peril wondering when the axe would fall, making the appointment to a three year term meaningless. As pointed out in defendant's brief, "a constant changeover in membership would militate against consistent policy decisions and long-range planning on behalf of the educational facility."

Accordingly, we must from the foregoing sustain the preliminary objections of defendant to the effect that plaintiff's complaint fails to state a cause of action. However, plaintiff must be given the opportunity to amend.

Thus, we enter the following

## ORDER

Defendant's preliminary objections are sustained. Plaintiff is allowed 20 days from the date of receipt of this order to file a second amended complaint.