**Welsh v. Dougherty**

*Alan D. Williams, Jr.,* for plaintiff.
*Peter A. Glascott,* for defendant.

GARB, *J.,* August 11, 1980—This is an action in quo warranto wherein plaintiff challenges defendant's appointment as a member of the Bucks County Industrial Development Authority by the Board of County Commissioners. Defendant has filed preliminary objections to the complaint which we sustain and therefore dismiss the complaint.

The complaint alleges that the Industrial Development Authority was created pursuant to the In-

dustrial and Commercial Development Authority Law of August 23, 1967, P.L. 251, sec. 1, as amended, 73 P.S. §371 et seq. The complaint further alleges that plaintiff had been appointed to terms of office in the authority on three different occasions, the most recent of which was for a five year term which would expire on January 1, 1981. It is alleged that on January 16, 1980 the Bucks County Board of County Commissioners removed plaintiff as a member of the said authority and appointed defendant to replace him. It is alleged that the appointment of defendant was without legal authority, unlawful, illegal and not in accordance with the laws and constitution of Pennsylvania because the removal of plaintiff was done in an allegedly arbitrary, capricious manner without lawful purpose and without notice or hearing, because plaintiff's term of office does not expire until January 1, 1981 and therefore no vacancy in office existed at the time of defendant's appointment, that the removal of plaintiff was done solely for political reasons and that the appointment of defendant was done in bad faith in an otherwise illegal, improper manner in furtherance of a conspiracy to deprive plaintiff of his rights and membership on the aforesaid authority for an unlawful purpose. The preliminary objections are in the nature of a demurrer.

The demurrer must be sustained. The Industrial and Commercial Development Authority Law, 73 P.S. §379(a), provides, inter alia, that the members of the authority shall be appointed by the governmental body of the municipality and each member of the authority board shall serve for a fixed term on a staggered basis. Where an Act of Assembly creating a municipal authority or similar entity vests the

appointive power of the members of the governing board of that authority in the municipality governing body* and provides for staggered fixed terms of the members of the board, without further provision regarding the tenure of board membership, it is deemed to be the intention of the legislaure that those appointed board members may not be removed without cause. See Com. ex rel. Hanson v. Reitz, 403 Pa. 434, 170 A. 2d 111 (1961); Watson v. Pennsylvania Turnpike Commission, 386 Pa. 117, 125 A. 2d 354 (1956); Bowers v. Pennsylvania Labor Relations Board, 402 Pa. 542, 167 A. 2d 480 (1961); and Com. ex rel. Sortino v. Singley, 481 Pa. 367, 392 A. 2d 1337 (1978). The rationale of this line of cases as succinctly stated in Com. ex rel. Sortino v. Singley, supra, was that by creating fixed, staggered terms of office there is a demonstrated legislative intent to deny the appointive authority the right to remove members of the governing body of the authority at the pleasure of the appointing tribunal. The fixing of staggered terms has been construed, in the absence of other language of legislative intent, as an expression by the legislature that appointees may serve their entire terms upon their good behavior.

However, the legislature in creating the Industrial Development Authority Law did not rest upon the presumed intent arising from fixed, staggered terms. In 73 P.S. § 379(b) it was provided that "a member may be removed with or without cause by the governmental body or by the appointing authority." This is a clear expression of legislative intent specifically recognized in Bowers v. Pennsylvania

*[O]r where the legislature has created a state agency vesting the appointive power of its governing body in the Governor with the advice and consent of the Senate.

Labor Relations Board, supra, as to constitute a sufficient basis upon which to permit removal by the appointive authority with or without cause. Although Bowers held that the Governor could not remove a duly appointed member of the Pennsylvania Labor Relations Board without cause upon a construction of legislative intent based upon the fixing of definite and staggered terms of board members, the court did recognize that where the legislature expressly states an intent to permit removal at the pleasure of the appointive authority and without cause, such would be recognized. As an example the Supreme Court in Bowers cited the Parking Authority Law of June 5, 1947, P.L. 458, sec. 8, as amended May 10, 1951, P.L. 291, sec. 3, 53 P.S. §341 et seq., and specifically that section regarding the governing body of such agencies, as found at 53 P.S. §348, containing language similar to that which we construe herein having to do with the removal of board members. Therefore, we conclude that it was clearly the intention of the legislature in the enactment of the Industrial and Commercial Development Authority Act to provide for removal of authority board members at the pleasure of the appointive body and without cause. That being the case, and that being clearly what occurred here, the preliminary objections to the complaint must be sustained.

## ORDER

And now, August 11, 1980, it is hereby ordered, directed and decreed that the preliminary objections are sustained, the complaint is dismissed.