## Slonaker v. Maddy

*Kevin Fogerty,* for plaintiffs.
*Jeffrey Bartges,* for defendants.

WALLITSCH, *J.,* December 23, 1993—

### FINDINGS OF FACT

(1) The plaintiffs, Thomas Slonaker and Louella Bundy are adult individuals and former members of the Whitehall Township Civil Service Commission, duly appointed by the Whitehall Township Board of Commissioners pursuant to the requirements of the law of the Commonwealth of Pennsylvania.

(2) Whitehall Township is a township of the first class and a home rule charter municipality.

(3) On August 10, 1992, the board of commissioners, by majority vote "terminated" the Civil Service Commission at the end of the month (August).

(4) On September 8, 1992, by majority vote, Mark Maddy, Ronald Fennell, and Mary Francis Kaminski were appointed members of the Civil Service Commission.

(5) The actions taken on August 10, 1992, were not permitted under the law of the Commonwealth of Pennsylvania and, consequently, the appointment of the new Civil Service Commission was ineffectual.

(6) The purported act of removal of Slonaker, Bundy and Kaminski on August 10, 1992, was not done arbitrarily, vexatiously, or in bad faith, but was done based upon a misinterpretation of the law of the Commonwealth of Pennsylvania.

## DISCUSSION

Plaintiffs have brought this action in mandamus seeking to remove defendants Maddy, Fennell, and Kaminski from the Whitehall Township Civil Service Commission and reinstating plaintiffs, as well as Kaminski, to those positions from which they had been previously removed. Thereafter, numerous pleadings were filed evidencing a likelihood of protracted litigation unless prompt hearing was held on the issues raised. The court took testimony on October 29, 1993, and November 5, 1993, with regard to the underlying merits of the action and invited post-hearing briefs in support of the parties' respective positions.

Whitehall Township is a first class township and a home rule charter municipality. Pursuant to the First Class Township Code, 53 P.S. §55626, and the Home Rule Charter and Optional Plans Law, 53 P.S. §1-302(b)(v), the township is required to establish and

maintain a civil service commission. The pertinent language of the First Class Township Code provides in pertinent part as follows:

"There is hereby created in each township where a police force or paid fire apparatus operators as hereinbefore provided are being maintained, a civil service commission, hereinafter referred to as the commission. The commission shall consist of three commissioners who shall be qualified electors of the township and as shall be appointed by the township commissioners initially to serve for the terms of two, four and six years, and as terms thereafter expire shall be appointed for terms of six years."

53 P.S. §1-302(b)(v), captioned "Limitations on Municipal Powers" of a home rule charter municipality, provides as follows:

"[n]o municipality shall ... (v) enact any provision inconsistent with any statute heretofore enacted by the General Assembly affecting the rights, benefits or working conditions of any employee of a political subdivision of the Commonwealth."

The plaintiffs argue that the provision for fixed, staggered terms for the Civil Service Commission members as set forth in the First Class Township Code represent an expression of legislative intent that the appointed commissioners are not removable without cause. The plaintiffs cite a number of Pennsylvania Supreme Court cases that support this proposition, to wit: *Commonwealth of Pennsylvania ex rel. Sortino v. Singley,* 481 Pa. 367, 392 A.2d 1337 (1978); *Commonwealth of Pennsylvania ex rel. Hanson v. Reitz,* 403 Pa. 434, 179 A.2d 111 (1961); *Bowers v. Pennsylvania Labor Relations*

*Board,* 402 Pa. 542, 167 A.2d 480 (1961), and *Watson v. Pennsylvania Turnpike Commission,* 386 Pa. 117, 125 A.2d 354 (1956). A review of those cases makes it clear that the plaintiffs are correct in their contention.

In the first case that addressed the issue of fixed/staggered terms, *Watson, supra,* the question before the court was whether the governor had the power to remove a member of the Pennsylvania Turnpike Commission, at his pleasure and without cause, during the fixed term of office for which the turnpike commissioner was appointed and confirmed. The Pennsylvania Supreme Court held that the governor's attempted removal of the commissioner before expiration of his term was impermissible. The Supreme Court emphasized that the purpose of fixed/staggered terms of office was:

"... that, by the prescribed rotation, the terms of three of the four appointed members of the commission would always be current. The act expressly provides that three members of the commission shall constitute a quorum for all purposes, [and] shall act unanimously. Were the commissioners to be held removable at the pleasure of the governor, the carefully expressed scheme of term rotation would be effectually nullified ... [it would] render all of the offices vacant at one time which, obviously, the act was specifically designed to make impossible." *Id.* at 124-125, 125 A.2d at 357.

Five years later, the Pennsylvania Supreme Court in *Bowers, supra,* held that a labor relations board member could not be dismissed without cause prior to the expiration of his fixed/staggered term. The court referred to the Statutory Construction Act of 1937, P.L. 1019, §51 (substance currently at 1 Pa.C.S. §1921(a)), for

the proposition that every act is to be construed, if at all possible, to give effect to all of its provisions. The court noted that this language would have effectively been ignored if the governor could remove members of the board at his whim or pleasure, since each appointment for a fixed term of office would then become "a mere fiction." *Id.* at 549, 167 A.2d at 483. As the court stated, if the board was removable at will the appointment would be for:

"... merely an indefinite term which would last no longer than it pleased the governor that the appointee should continue in office. In short, the appellants interpret the statutory provision that members of the Pennsylvania Labor Relations Board shall be appointed for fixed terms to mean that such members shall be appointed for only so long, not exceeding six years, as shall please the governor, and they construe the provision for staggered expiration dates for the terms of the members of the board as being of no effect whatsoever and, consequently, meaningless." *Id.*

The court also cited another reason for its decision:

"... that this important board should at all times be in position to benefit from the counsel of experienced members who have acquired over the years of their tenure a knowledge and understanding of the board's work so essential to a thoughtful and prudent solution of the many complex problems encountered.... It is plain enough that, in the public interest, such board members were not to be made amenable to political influence or discipline in the discharge of their official duties. Since we may not properly assume that the legislature intended to enact a meaningless and ineffectual (al-

though carefully worded and clearly expressed) statutory provision, section 4(a) of the Pennsylvania Labor Relations Act must rightly be held to intend that duly confirmed members of the Pennsylvania Labor Relations Board possess tenure for the fixed terms for which they are appointed and may not be removed by the governor except *for cause.* (emphasis in original) *Id.* at 550-551, 167 A.2d at 484.

The most recent decision upholding the fixed/staggered rule, *Sortino, supra,* related to the attempted removal of two persons from a city's redevelopment authority. The Supreme Court upheld the decision of the trial judge which declared the removal to be null and void, ordering the removal of the two new appointees and reinstatement of the two who had been removed. The Supreme Court cited the *Watson, Bowers,* and *Hanson* cases, noting that "nothing in our decisions subsequent to [these cases] suggests that the 'fixed, staggered' rule is no longer valid." *Sortino, supra* at 373, 392 A.2d at 1339. The court in *Sortino* pointed out that:

"Whether an appointed civil officer holding a legislatively created office is subject to removal at the pleasure of the appointing power depends upon legislative intent, 'to be gleaned from the statute creating or regulating the office.' " *Id.* at 372, 392 A.2d at 1339. (citations omitted)

The court held that the act in question, the Urban Redevelopment Law, creating fixed, staggered terms of office, demonstrated a legislative intent to deny the mayor the right to remove, at his pleasure, members of the redevelopment authority.

Similar to the cases cited above, we believe that the statute creating the office of civil service commissioner, the First Class Township Code, in creating fixed/staggered terms of office, exhibits the legislative intent to deny Whitehall Township, through its commissioners, the right to remove at its pleasure and without good cause shown, members of the Civil Service Commission.

The defendants next argue that, if dismissal for cause is required, as we have found it is, that the defendants presented sufficient evidence to demonstrate "just cause" for the dismissal of the Civil Service Commission members. We disagree.

In determining whether just cause has been shown, we are guided by certain appellate case law of the Commonwealth. In *McSorley v. Pennsylvania Turnpike Commission,* 390 Pa. 81, 134 A.2d 201 (1957), it was held that justification for the suspension of an appointed officer not subject to removal without cause must be substantial. In *Commonwealth v. Knox,* 172 Pa. Super. 510, 523, 94 A.2d 128 (1953), *aff'd,* 374 Pa. 343, 97 A.2d 782 (1953), the Superior Court held that the term "misbehavior in office" is committed when a public officer does not perform a positive statutory duty. It further stated that "removal is justified where the officer has been convicted of the violation of statute which commands the performance of a positive, ministerial duty of his office." See also, *Commonwealth v. Hubbs,* 137 Pa. Super. 244, 8 A.2d 618 (1939).

It was clear from the testimony presented at the hearings that there was no just cause or misbehavior in office to permit the removal of the plaintiffs. In fact, there was testimony that the reason for the removal

of the commissioners was to attempt to straighten out the sequence of appointments and to reorganize the board. In any event, there was simply no competent evidence that would permit this court to find that just cause was shown for the removal of the plaintiffs.

Defendants next argue that plaintiffs' complaint is moot since plaintiff Slonaker's term of office had expired or because he has been elected treasurer of Whitehall Township and is not permitted to serve as civil service commissioner. We disagree. With regard to the expiration of Slonaker's term of appointment, the only evidence presented was that his term was to expire on December 31, 1993. The action was brought before the expiration of his term rendering this portion of defendants' argument fallacious. Secondly, with regard to the incompatibility of township offices, the fact that Slonaker was subsequently elected to another office does not render his action moot. Lastly, there is no claim that plaintiff Bundy does not have standing to challenge the actions of the board of commissioners.

Plaintiffs have also requested attorney's fees from the defendants under 42 Pa.C.S. §2503. Plaintiffs argue that they are entitled to reasonable counsel fees under this section because the defendants' actions in removing the plaintiffs were arbitrary, vexatious, or in bad faith. While we have held that the board of commissioners did err in removing these civil service commissioners, we do not find that their actions were sufficient to support an award for counsel fees under the cited legislation.

Lastly, we must deal with the issue as to the validity of the actions taken by the "new" Civil Service Commission subsequent to the removal of the "old" commission. We find that the actions of these commissions are binding on behalf of the municipality and any tests administered, eligibility lists created, or actions taken by the present Civil Service Commission will not be set aside. There is ample appellate case law to support this position and it would do a disservice to the citizens of Whitehall Township to hold otherwise.

## ORDER

Now, December 23, 1993, after hearings held in this mandamus action, and upon consideration of the briefs filed by counsel and oral argument thereon, and for the reasons set forth in the accompanying findings of fact and discussion, it is ordered and decreed that the action of the board of commissioners of Whitehall Township taken on August 10, 1992, to remove Thomas Slonaker, Louella Bundy, and Mary Francis Kaminski as civil service commissioners for the Township of Whitehall is null and void and said commissioners are reinstated to their positions for the remainder of their terms of office.

It is further ordered that the appointments of Mark Maddy, Ronald Fennell, and Mary Francis Kaminski taken by action of the board of commissioners on September 8, 1992, are null and void and they are removed from further participation in or claim to membership on the Whitehall Township Civil Service Commission, except as otherwise provided herein.

Further, it is ordered that the decisions, appointments, and eligibility lists of the improperly appointed commissioners shall remain valid and effective notwithstanding the remainder of this order.