513 A.2d 1137

The County of Allegheny, The Allegheny County Board of Commissioners, The Honorable Thomas J. Foerster, The Honorable Peter F. Flaherty and The Honorable Barbara H. Hafer, Members of the Allegheny County Board of Commissioners, Appellants v. Glenn C. Jones, Appellee.

Argued June 12, 1986, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Robert L. McTiernan,* Assistant County Solicitor, with him, *James J. Dodaro,* County Solicitor, for appellants.

*S. Michael Streib,* with him, *Glenn Jones,* for appellee.

Opinion by President Judge Crumlish, Jr. August 14, 1986:

The Allegheny County Commissioners[1] appeal an Allegheny County Common Pleas Court order denying their motion for post-trial relief from a judgment in *mandamus* enjoining them from removing Glenn C. Jones as a member of the Allegheny County Board of Property Assessment, Appeals and Review (Board). We affirm.

The Commissioners appointed Jones to the Board for a six-year term commencing January 1, 1983. There are seven members of the Board serving staggered terms (terms expiring in separate years). The Commissioners adopted a policy requiring that "all County *employees* shall be required to retire at age seventy. . . ." (Emphasis added.) Jones was eighty-one years old when

---

[1] The Honorable Thomas J. Foerster, Chairman, and the Honorable Peter J. Flaherty and the Honorable Barbara H. Hafer.

this policy went into effect. The Commissioners notified him that, pursuant to this policy, he would have to vacate his membership on the Board. Jones responded by bringing an action in *mandamus* which resulted in the order from which the Commissioners now appeal.

Our scope of review of a common pleas court order in a *mandamus* action is limited to determining whether there was an error of law or an abuse of discretion. *Trinisewski v. Hudock,* 90 Pa. Commonwealth Ct., 159, 494 A.2d 504 (1985).

The Commissioners contend that Jones is removable at their will, relying upon Section 450 of the Second Class County Code,[2] which states that appointees to county office are removable at the appointing power's pleasure. We disagree.

Our Supreme Court in *Watson v. Pennsylvania Turnpike Commission,* 386 Pa. 117, 125 A.2d 354 (1956), held that where the legislature mandates the appointment of officials to staggered terms, the appointing power designated by the legislature (in that case the Governor) may not remove an official at its pleasure.[3] As in *Watson,* the legislature has decreed that Board members shall serve staggered terms. Section 2(c) of the Act of July 21, 1939 (Act).[4] The language of Section 450 of the Second Class County Code does not dictate a different result. In *Watson* a similarly worded constitu-

---

[2] Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. §3450.

[3] This holding was based upon a provision of the Pennsylvania Constitution, then found at Article XII, Section 1, which states that "[a]ll officers whose selection is not provided for in this Constitution, shall be elected or appointed as may be directed by law. . . ." This provision now appears in Article VI, Section 1 of the amended Constitution.

[4] P.L. 626, 72 P.S. §5452.2(c).

tional provision was determined to be inapplicable when appointment was to a staggered term.[5]

The Commissioners alternatively contend that the mandatory retirement policy applies to Jones as a condition of his office. We reject this contention.

The policy's language plainly reaches only County *employees*. Members of the Board, however, are County *officials,* as they are appointed to hold a quasi-judicial office. *See* Section 2(e) of the Act and *Bily v. Board of Property Assessment, Appeals and Review of Allegheny County,* 353 Pa. 49, 44 A.2d 250 (1945). The fact that Jones is paid out of County funds and is entitled to a County pension does not make him an employee. *Elected* row office officials, who are clearly not employees, are also paid their salaries from County funds and covered by the County retirement system.

We hold that Jones may not be removed from the Board at the Commissioners' will and is not subject to the County's mandatory retirement policy. Hence, we affirm the common pleas court's order.

## ORDER

The Allegheny County Common Pleas Court order, No. 85-11515 dated August 28, 1985, is affirmed.

---

[5] At the time of the *Watson* decision, Article VI, Section 4 of the Pennsylvania Constitution provided that "[a]ppointed officers . . . may be removed at the pleasure of the power by which they shall have been appointed." A similar provision is now found in Article VI, Section 7 of the amended Constitution.