George **VENESKY**, Petitioner,

v.

Thomas J. **RIDGE**, individually and in his capacity as Governor, Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 5, 2001.

Decided Jan. 8, 2002.

---

Robert P. Ging, Jr., Confluence, for petitioner.

Gregory E. Dunlap, Harrisburg, for respondent.

Before DOYLE, President Judge, COLINS, Judge, McGINLEY, Judge, SMITH, Judge, FRIEDMAN, Judge, KELLEY, Judge and LEADBETTER, Judge.

COLINS, Judge.

Before the Court are preliminary objections in the nature of a demurrer filed by the Governor of Pennsylvania to George Venesky's petition for review challenging his removal from the appointed position as a member of the Pennsylvania Game Commission.

According to the petition for review, Governor Ridge appointed Venesky to the office of Game Commissioner for the Seventh District[1] on June 9, 1998, and by letter of termination dated December 13, 2000 removed him from office. Venesky avers that the Game Commission is an independent administrative agency under the terms of 2 Pa.C.S. § 101, that he was appointed pursuant to the Pennsylvania Game and Wildlife Code to an eight-year term. Venesky avers that the Governor exceeded his authority under the Pennsylvania Constitution, the Game and Wildlife Code, and the Administrative Code, which prevent the Governor from removing officers at will where the legislature has provided for a statutorily fixed term of office with staggered expiration dates.

The Governor avers that Venesky has failed to state a claim for which relief can be granted because under the Pennsylvania Constitution appointed civil officers, including game commissioners, may be removed at the pleasure of the appointer unless otherwise specified by law, and no other law limits the Governor's authority to remove game commissioners. Furthermore, the Governor avers, game commissioners do not serve fixed and staggered terms.

Article 6, Section 7 of the Pennsylvania Constitution states,

All civil officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime. *Appointed civil officers, other than judges of the courts of record, may be removed at the pleasure of the power by which they shall have been appointed.* All civil officers elected by the people, except the

1. The Seventh District comprises Susquehanna, Wyoming, Luzerne, Lackawanna, Carbon, Wayne, Pike, Cook, and Monroe Counties. 34 Pa.C.S. § 301(b)(7).

Governor, the Lieutenant Governor, members of the General Assembly and judges of the courts of record, shall be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate.

Pa. Const. art. VI, § 7 (emphasis added). "All officers, whose selection is not provided for in th[e] Constitution, shall be elected or appointed as may be directed by law." Pa. Const. art. VI, § 1.

■■■■ In the absence of statutory language governing the removal of an appointed officer, the constitutional provision providing for removal at the pleasure of the appointive power prevails.[2] *Watson v. Pennsylvania Turnpike Commission*, 386 Pa. 117, 125 A.2d 354 (1956). Where the legislature creates a public office, it may impose terms and limitations as to the office's tenure and the removal of an incumbent. *Commonwealth ex rel. Sortino v. Singley*, 481 Pa. 367, 392 A.2d 1337 (1978) (quoting *Watson*). In cases where the language is not clear, the Pennsylvania Supreme Court has determined that statutory language setting fixed terms of office with staggered expiration dates demonstrates the legislature's intent that the officer not be subject to removal by the appointing authority. *Id.* A fixed term alone does not bar removal; rather it is the staggered terms that preclude appointing power from removing an appointed official at will. *Id.; Naef v. City of Allentown*, 424 Pa. 597, 227 A.2d 888 (1967); *Schluraff v. Rzymek*, 417 Pa. 144, 208 A.2d 239

(1965); *County of Allegheny v. Jones*, 99 Pa.Cmwlth. 647, 513 A.2d 1137 (1986).

The Game and Wildlife Code provides, "The independent administrative commission[3] known as the Pennsylvania Game Commission shall consist of eight competent citizens ... who shall be appointed by the Governor, by and with the advice and consent of two-thirds of the elected members of the Senate." 34 Pa.C.S. § 301(a).

The members of the commission shall hold office for terms of eight years each and may continue to hold office for a period of time not to exceed six months or until a successor is appointed and qualified, whichever occurs first. A member of the commission appointed to fill a vacancy for a period of four years or less may be eligible for appointment to a full eight-year term. A member of the commission who serves a full eight-year term or fills a vacancy for a period of more than four years shall not be eligible for reappointment to the commission until a period of eight years expires.

34 Pa.C.S. § 301(c). "Upon the death, resignation or removal from office of any person so appointed, the Governor shall appoint a competent person to serve for the unexpired term...." 34 Pa.C.S. § 301(d). The Game and Wildlife Code imposes no limitations on the removal of a commissioner from office; in fact, it does not address removal from office in any respect except as quoted in Section 301(d), immediately above. The term of office for a game commissioner under the Game and Wildlife Code is fixed, but clearly the stat-

---

**2.** *See also Pievsky v. Ridge*, 98 F.3d 730 (3d Cir.1996), *cert. denied*, 519 U.S. 1150, 117 S.Ct. 1085, 137 L.Ed.2d 219 (1997) (noting that Pennsylvania law is consistent with federal law on this issue, in the context of construing an interstate compact between Pennsylvania and New Jersey).

**3.** "Independent agency" is defined in pertinent part as, "Boards, commissions, authorities and other agencies and officers of the Commonwealth government which are not subject to the policy supervision and control of the Governor...." 2 Pa.C.S. § 101.

ute does not provide for staggered expiration dates.

Venesky argues that the game commissioners were originally appointed to staggered terms that continue to the present and that therefore, the Game and Wildlife Code provides for de facto staggered terms. The Governor takes the position that the staggered terms ended when the General Assembly enacted the current Game and Wildlife Code, which simultaneously repealed the former game law and the section of the administrative code under which game commissioners were formerly appointed. We agree with the Governor.

Although game commissioners may have served staggered terms from 1937[4] until 1987, when the current Game and Wildlife Code was enacted, the General Assembly continued the terms of the sitting commissioners "until their successors are appointed as provided by 34 Pa.C.S. § 301 (relating to organization of the commission)."[5] As of the July 1, 1987 effective date of the Game and Wildlife Code, the expiration of game commissioners' terms was no longer staggered under the law. As of that date, the Governor could have appointed successors for all eight commissioners at the same time. Although the commissioners' terms may have continued to expire in a more or less staggered fashion, they did so by chance and not by design. We cannot infer legislative intent to control appointments to the Game Commission from anything less than an explicit, regulated statutory scheme such as the one found in the predecessor game law.

Venesky makes the policy argument that the Game Commission, as an independent agency is not subject to the policy supervision of the Governor and that therefore the legislature intended that the Governor have no ability to remove appointed commissioners at will and to thereby influence commission's agenda. As tempting an argument as this is, other countervailing factors are more convincing: 1) the fact that the General Assembly omitted the staggered terms of office when it enacted the Game and Wildlife Code in 1986, and 2) the fact that the Governor already influences and to an extent controls the commission by virtue of this appointing authority. We cannot infer legislative intent not to change the commission when the changes to the statute indicate otherwise. Had the General Assembly intended that game commissioners be removed only for cause, it could have so stated, and had it intended that the Governor not be able to remove commissioners at will, it could have left in the language establishing staggered terms when it re-enacted the law in the Act of 1986–93. Because the power to remove at will resides with the appointing authority absent statutory limitations, and

---

4. Section 202 of the Act of June 3, 1937, P.L. 1225 (repealed by Section 7 of the Act of July 8, 1986, P.L. 549 (Act 1986–93)), formerly 34 P.S. § 1311.202, had provided in pertinent part,

Within sixty days after the date of the approval of this act, the Governor shall designate two commissioners to serve for a term expiring the third Tuesday of January, one thousand nine hundred and thirty-nine [1939]; two commissioners for terms expiring the third Tuesday of January, one thousand nine hundred and forty-one [1941]; two commissioners for terms expiring the third Tuesday of January, one thousand nine hundred and forty-three [1943]; and two commissioners for terms expiring the third Tuesday of January, one thousand nine hundred and forty-five. Thereafter such appointments of commissioners shall be for terms of eight years.

The Act of June 21, 1937, P.L. 1865 (also repealed by Act 1986–93) had amended the administrative code to provide that game commissioners' eight-year terms "shall be staggered as provided by law."

5. Section 5 of Act 1986–93.

no such limitations have been imposed in this case, separation of powers analysis does not apply in this case. [6]

In the absence of statutory language governing the removal of game commissioners or from which we might infer legislative intent to limit the power of removal, the Governor, as the appointing power, may remove game commissioners at will. Accordingly, we sustain the preliminary objections.

Judge SMITH and Judge KELLEY, dissent.

### ORDER

AND NOW, this 8th day of January 2002, the respondent's preliminary objections in the above-captioned matter are sustained, and this matter is dismissed.

---

**6.** *See e.g., Pievsky,* 98 F.3d at 737, wherein the appeals court explains that such an analysis applies when the issue is whether legislation limiting removal power impermissibly interferes with the executive's ability to perform its constitutional duties. Although not binding on this Court, the appeals court determined in that case that the Pennsylvania Governor's inability to remove the appointees at will impede his constitutional obligation to ensure that the laws of the state are faithfully executed. *Id.*