**[J-45-2015]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**SAYLOR, C.J., EAKIN, BAER, TODD, STEVENS, JJ.**

| | |
|---|---|
| ERIK ARNESON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE OFFICE OF OPEN RECORDS, AND SENATE MAJORITY CAUCUS, | : No. 51 MAP 2015<br>:<br>:<br>: Appeal from the order of the<br>: Commonwealth Court at 35 MD 2015,<br>: dated June 10, 2015<br>: |
| v. | : 117 A.3d 374<br>:<br>: ARGUED: September 9, 2015<br>: |
| THOMAS W. WOLF, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF COMMUNITY AND ECONOMIC DEVELOPMENT, AND OFFICE OF OPEN RECORDS, | :<br>:<br>:<br>:<br>:<br>:<br>: |
| APPEAL OF: THOMAS W. WOLF, IN HIS CAPACITY AS GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA AND DEPARTMENT OF COMMUNITY AND ECONOMIC DEVELOPMENT | :<br>:<br>:<br>:<br>: |

**OPINION**

**MR. JUSTICE BAER**                                    **DECIDED: October 27, 2015**

The order of the Commonwealth Court is affirmed for the reasons set forth in the

Commonwealth Court opinion, which is adopted as the opinion of this Court on the

question of whether the legislature intended to insulate the Executive Director of the

Office of Open Records (OOR), a unique and *sui generis* independent body, from the Governor's constitutional power to remove his appointees at-will. See Arneson v. Wolf, 117 A.3d 374 (Pa.Cmwlth. 2015). We supplement the Commonwealth Court's opinion as follows.

On January 13, 2015, as his term was ending, out-going Governor Tom Corbett appointed Erik Arneson (Appellee) as the Executive Director of the OOR for a term of six years, with an optional reappointment for an additional six years. See 65 P.S. § 67.1310(b).[1] On January 20, 2015, the first day of Governor Wolf's term, he terminated Appellee's employment as Executive Director of OOR. Appellee filed a complaint for mandamus and declaratory relief in the Commonwealth Court, arguing that Governor Wolf's termination of his employment violated the Pennsylvania Constitution and the Right to Know Law (RTKL), 65 P.S. §§ 67.101-67.3104. The Commonwealth Court accepted this argument and reinstated Appellee. The Governor appealed to this Court.

Article VI, Section 7 of the Pennsylvania Constitution concerns public officers such as Appellee and provides for their removal as follows:

> All civil officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime. Appointed civil officers, other than judges of the courts of record, may be removed at the pleasure of the power by which they shall have been appointed. All civil officers elected by the people, except the Governor, the Lieutenant Governor, members of the General Assembly and judges of the courts of record,

---

[1] This provision provides as follows:

(b) Executive director.--Within 90 days of the effective date of this section, the Governor shall appoint an executive director of the office who shall serve for a term of six years. . . . The executive director may serve no more than two terms.

shall be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate.

PA. CONST. art. VI, § 7. As discussed below, our case law establishes that this section of the Constitution is read together with Article VI, Section 1, which provides for the appointment of officers such as Appellee as follows: "All officers, whose selection is not provided for in this Constitution, shall be elected or appointed as may be directed by law." PA. CONST. art. VI, § 1. We have long recognized the correlation between an appointer's removal power in Article VI, Section 7, and the legislature's power to create appointed offices in Article VI, Section 1. Commonwealth ex rel Sortino v. Singley, 392 A.2d 1337, 1339 (Pa. 1978).

Indeed, we have consistently interpreted these two constitutional provisions together to hold that when the legislature creates a public office in accord with Article VI, Section 1, it may impose terms and limitations regarding tenure or removal as it sees fit, thereby limiting the Governor's power of removal under Article VI, Section 7. Singley, 392 A.2d at 1339; Watson v. Pennsylvania Tpk. Comm'n, 125 A.2d 354, 356 (Pa. 1958) (explaining that Article VI, Section 1 expressly grants the legislature authority to create a public office and to impose terms and limitations on the tenure or removal of one holding that office); Burger v. Sch. Bd. of McGuffey Sch. Dist., 923 A.2d 1155, 1164 (Pa. 2007) (recognizing that "when the General Assembly creates a public office it may impose terms and limitations on the removal of the public officer so created."). Where the legislature creates a public office without imposing terms or conditions on the duration of an incumbent's tenure or the mode of removal, the method of removal

provided in Article VI, Section 7 applies.  Watson, 125 A.2d at 356-57 (applying the prior version of Article VI, Section 7).

Whether the legislature has exercised its authority under Article VI, Section 1 to limit the Governor's removal power under Article VI, Section 7 depends upon the statute creating the public office.  Singley, 392 A.2d at 1339 ("Whether an appointed civil officer holding a legislatively created office is subject to removal at the pleasure of the appointing power depends upon legislative intent, 'to be gleaned from the statute creating or regulating the office.'").  We have never required express language in a statute, *i.e.,* that an appointee may only be removed for cause, to find a legislative limitation on the Governor's removal power.  Rather, we look to the totality of the statutory language in accord with the oft-stated rules of statutory construction to glean the legislative intent.

To ascertain that the legislature required a six year tenure for each Executive Director and intended to eliminate the Governor's power to remove except for cause, the Commonwealth Court properly examined the language and purpose of the RTKL to discern legislative intent on this question.  While we generally endorse and accept the Commonwealth Court's analysis of the multiple factors contained therein which led to the conclusion that the General Assembly intended to immunize the Executive Director from the Governor's ability to remove him without cause at will, we write to amplify the Commonwealth Court's opinion in one important respect.

It is undisputed that the OOR, with its Executive Director at the helm, is a unique administrative agency tasked with applying the standards established in the RTKL and making decisions about whether government agencies and officials, including the

executive branch and the office of the Governor, have acted timely, carried their burden of establishing why a record is not subject to public access, as well as myriad other issues. We view the Commonwealth Court's analysis in this case to rest on the OOR's status as a unique, independent agency charged with the delicate task of applying the RTKL, and the need to insulate the OOR and its Executive Director from the potential for coercive influence from a Governor to accomplish the purpose of the RTKL.[2] Just as the OOR is inherently *sui generis*, the Commonwealth Court's analysis is narrow and unique to the OOR and its Executive Director.

Accordingly, the order of the Commonwealth Court is affirmed and its opinion, as supplemented herein, is adopted as that of this Court.

Mr. Justice Stevens did not participate in the consideration or decision of this case.

Mr. Chief Justice Saylor and Mr. Justice Eakin join the opinion.

Madame Justice Todd files a dissenting opinion.

---

[2] We do not suggest this Governor would attempt such coercion. We write only to interpret legislative intent, which will remain in effect absent a legislative response or a future court's reinterpretation of today's holding.