IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William J. Green, IV, individually and : 
in his official capacity as Chairman of : 
the School Reform Commission, : 
                Petitioner : 
                 : 
           v. : 
                 : 
Thomas W. Wolf, in his official : 
capacity as Governor of the : 
Commonwealth of Pennsylvania; : 
The School Reform Commission of : 
the School District of Philadelphia; : 
and Marjorie Neff, in her Capacity as : 
member and putative Chair of the : 
School Reform Commission, :   No. 256 M.D. 2016
            Respondents :   Argued:  October 19, 2016


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge[1]
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION
BY JUDGE COSGROVE            FILED:  December 4, 2017


        In this matter, arising in our original jurisdiction, William J. Green, IV

(Petitioner) challenges his removal by Governor Thomas W. Wolf (Governor Wolf)

---

[1] This case was argued before an *en banc* panel of the Court that included former Judge Julia K. Hearthway.  Because Judge Hearthway's service on the Court ended September 1, 2017, this matter was submitted on briefs to Judge Simpson as a member of the panel.

as chairman of the School Reform Commission (SRC).[2] For the reasons set forth below, we dismiss Petitioner's Application for Summary Relief and Amended Petition for Review, and sustain Governor Wolf's preliminary objections. As such, any request for injunctive relief is dismissed as moot.

The School District of Philadelphia[3] was declared distressed by the Secretary of Education in 2001. Following this declaration, the SRC was created, consisting of both gubernatorial appointees and members appointed by the mayor of Philadelphia. Nine years later, a vacancy occurred on the SRC, allowing for yet another gubernatorial appointment. On January 17, 2014, then-Governor Tom Corbett (Governor Corbett) nominated Petitioner to a five-year term on the SRC, with Senate confirmation following on February 4, 2014. Pursuant to Section 696(a), Governor Corbett appointed Petitioner chairman of the SRC on February 18, 2014. This appointment did not require Senate confirmation.

On March 2, 2015, Governor Wolf removed Petitioner as SRC chairman and replaced him with Respondent Marjorie Neff (Neff) that same day. More than thirteen months later, on April 19, 2016, Petitioner filed his initial petition for review as well as his application for summary relief. After Governor Wolf filed an answer, new matter, and preliminary objections, Petitioner filed the Amended

---

[2] Section 696 of the Public School Code of 1949 (School Code) provides for a process whereby the SRC is established within thirty days of a declaration that a school district of the first class is distressed. Act of April 27, 1998, P.L. 270, 24 P.S. § 6-696. Act 46 added Section 696 to the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-101 – 27-2702. We take judicial notice of the SRC's November 16, 2017 invocation of Section 696(n) of the School Code, which provides a majority of the SRC may recommend to the Secretary of Education that the SRC be dissolved. 24 P.S. § 6-696(n). If accepted by the Secretary of Education, this invocation will result in dissolution of the SRC.

[3] At present, only the School District of Philadelphia is classified under Section 202 of the School Code as a "school district of the first class." 24 P.S. § 2-202.

2

Petition for Review and the Application for Summary Relief which are before us now.[4] It was to these that preliminary objections were again filed by Governor Wolf.

By order dated July 18, 2016, this Court, McCullough, J., directed argument to be held on Petitioner's application and Governor Wolf's preliminary objections. This matter was heard *en banc* after additional briefing by the parties.

In his Amended Petition for Review, Petitioner seeks quo warranto, mandamus, and declaratory and injunctive relief. Similarly, Petitioner's Amended Application for Summary Relief asserts that his right to relief is clear and requests this Court issue a writ of quo warranto removing Neff as Chair of the SRC, issue a writ of mandamus reinstating Petitioner as Chair, enter judgment declaring a Chair of the SRC may only be removed for cause, and issue a permanent injunction[5]

---

[4] By order dated May 26, 2016, and in light of the amended petition and application, this Court, Friedman, J., directed that the original request for summary relief, as well as Governor Wolf's original preliminary objections, be stricken.

[5] Petitioner's Amended Petition for Review does not contain a separate count requesting injunctive relief. Rather, the request for a permanent injunction is set forth in Petitioner's prayer for relief. (Petitioner's Amended Petition for Review at 16.) An injunction is an extraordinary remedy that should be used with caution and only where the rights and equity of the petitioner are clear and free from doubt and the harm to be remedied is great and irreparable. *Woodward Township v. Zerbe*, 6 A.3d 651, 658 (Pa. Cmwlth. 2010). The required elements of injunctive relief are: a clear right to relief; an urgent necessity to avoid an injury that cannot be compensated in damages; and a finding that greater injury will result from refusing, rather than granting, the relief requested. *Big Bass Lake Community Association v. Warren*, 950 A.2d 1137, 1144 (Pa. Cmwlth. 2008).

On October 6, 2016, Petitioner filed an Application for Special Relief in the Nature of a Preliminary Injunction. Petitioner alleges that, by letter delivered to the mayor of Philadelphia, Neff expressed her intent to resign from the SRC. Consequently, Petitioner requests this Court enjoin Governor Wolf from appointing another Chair of the SRC. Separate standards govern a request for a preliminary injunction and a request for permanent injunctive relief: a preliminary injunction looks for the presence of imminent, irreparable harm, whereas a permanent injunction is warranted if no adequate remedy at law exists for a legal wrong. *Lindeman v. Borough of*

3

enjoining any further attempts to remove Petitioner from the office of Chair of the SRC absent cause.  In support, Petitioner cites, among other things, Section 696 of the School Code[6] and *Arneson v. Wolf*, 117 A.3d 374 (Pa. Cmwlth.), *affirmed and adopted*, 124 A.3d 1225 (Pa. 2015).[7]

Governor Wolf offers the following preliminary objections (all of which are in the nature of a demurrer):  (1) Petitioner's claims are time-barred by the statute of limitations set forth in 42 Pa.C.S. § 5522(b)(1); (2) quo warranto is not the appropriate cause of action to challenge Petitioner's replacement as Chair of the SRC; (3) mandamus may not be used to compel Governor Wolf to re-name Petitioner to the position of Chair of the SRC; (4) Petitioner had the potential to allege alternative remedies and therefore his claim for declaratory relief is without merit; and (5) Section 696 of the School Code does not condition the removal of a member of the SRC from the position of Chair.

## DISCUSSION

According to Petitioner, "[t]his case hinges on one question:  Can the Governor replace the chairman of the [SRC] absent clear and convincing evidence of malfeasance or misfeasance in office?"  (Petitioner's Brief in Opposition to

---

*Meyersdale*, 131 A.3d 145, 151 (Pa. Cmwlth. 2015).  As of the date of the filing of this opinion, Joyce Wilkerson has been appointed Chair of the SRC by the Governor.  We therefore dismiss Petitioner's Application for Special Relief as moot.

[6] In *West Philadelphia Achievement Charter Elementary School v. School District of Philadelphia*, 132 A.3d 957 (Pa. 2016), our Supreme Court held portions of Section 696 to be an unconstitutional delegation of legislative authority.  Those provisions are not at issue in the matter *sub judice*.

[7] This Court's decision will be referred to hereafter as *Arneson I,* and the Supreme Court's as *Arneson II*.

4

Governor Wolf's Preliminary Objections (Petitioner's Brief) at 1.) Section 696(b)(2) of the School Code provides for removal of commission members "from office during a term" only "upon proof by clear and convincing evidence of malfeasance or misfeasance in office…" 24 P.S. § 6-696(b)(2). As there is no question that Petitioner has not engaged in any such malfeasance or misfeasance, he argues that his removal from the chair of the SRC was improper.

Essential to Petitioner's "one question" is the definition of "office." According to Petitioner, "the office of Chairman of the SRC falls squarely within the definition of 'public office,' or 'civil office,' entitling the holder of that office to protection under section 696." (Petitioner's Brief at 11.) However, despite Petitioner's arguments to the contrary, there is nothing in Section 696 which would suggest that the position of chair is a separate and distinct public office embodied with duties separate from those of the other SRC members, and possessing protections (i.e., removal only for cause) which are also applicable to the underlying office of member of the SRC.

"A person will be deemed a public officer if the person is appointed or elected to perform duties of a grave and important character, and which involve some of the functions of government, for a definite term." *Werner v. Zazyczny*, 681 A.2d 1331, 1337 (Pa. 1996). Not everyone a governor appoints to a particular position holds an "office." The Supreme Court made this clear when it adopted and supplemented this Court's decision in *Arneson I* and recognized, unless otherwise mandated by statute, "the Governor's constitutional power to remove his *appointees* at-will." *Arneson II*, 124 A.3d at 1227 (emphasis added). This is, naturally, the default position encompassing an assessment of the Governor's removal power when

5

a more restrictive legislative intent is not present, or when the position in question cannot be considered an office within the constitutional sense.

In applying the *Werner* criteria to the present case, it is difficult to see how one can argue that the chairmanship of the SRC is an office. Section 696 bestows no "duties" whatsoever on the SRC chair, let alone duties which are "grave" or "important." *Werner*. Likewise, there is no statutory suggestion that the SRC chair performs any "function" in addition to his or her underlying role as an SRC member, nor does s/he serve "for a definite term" as chair. *Id*. In this light, there is no support for the argument that, under Section 696, the SRC chair fits the definition of office.

Nonetheless, Petitioner relies heavily on this Court's decision in *Arneson I*. At issue in that case was the removal of the Executive Director of the Office of Open Records (OOR). Shortly after taking office, Governor Wolf dismissed Erik Arneson (Arneson), who had been appointed by Governor Corbett in the waning days of Governor Corbett's Administration. This Court analyzed Arneson's dismissal from several angles, paying particular attention to the nature of the Office of Executive Director, the purpose of the open records statute itself, its role in government generally (and specifically its relationship to the executive branch), "its quasi-judicial functions," and the permeation of legislative intent throughout the statute that, as an "independent administrative agency," OOR's executive director could only be removed for cause. *Arneson I*, 117 A.3d at 376-377. Stressing that the OOR is "a unique and *sui generis* independent body," *id.* at 376, and that Arneson's removal was not based on any criteria which would establish cause, this Court found Governor Wolf's action to be unconstitutional, and directed Mr. Arneson's reinstatement.

6

The position from which Petitioner was removed bears little resemblance to that of OOR executive director. At first glance, it is clear that the entities themselves are quite dissimilar, with SRC having no broad watchdog role in state government that OOR may possess. Nor can the SRC chair be compared in any way to the executive director of OOR where the latter has specific, defined, and important functions while the former simply has none. It is this last point which bears heavily on our decision: the SRC chair has no duties to perform whatsoever, other than those which are required of this individual as a member of SRC. Petitioner argues contrary, citing "SRC Board Policies" which, among other things, provide that the SRC chair "establish[es SRC] meeting agendas and SRC committees..." (Petitioner's Amended Petition for Review at Paragraph 12; Petitioner's Brief at 14.) If rules of order adopted by the SRC bestow procedural authority on the chair, as Petitioner suggests, that is merely a function of SRC's power to administer itself, functions which it could easily assign to any other of its members. In short, there is nothing statutorily which defines the SRC chair in any way comparable to the OOR's executive director, thus distinguishing *Arneson* from any comparison to the case at hand.

As noted above, the Supreme Court recognizes the inherent power of the Governor, unless otherwise legislatively fettered, to remove "his appointees at-will." *Arneson II*, 124 A.3d at 1227. While appointment and removal powers are outlined in Article 6, Sections 1 and 7 of the Pennsylvania Constitution, the authority to dismiss "at-will" noted in *Arneson II* extends beyond specific constitutional provisions and is a function of "[t]he supreme executive power ... vested in the

Governor." Pa. Const. art. 4, § 2.[8] Consistent with that power, removal of Petitioner, a gubernatorial appointee, from a position that has no duties or role assigned to it, was well within Governor Wolf's constitutional authority. Petitioner was not removed from office. While he no longer holds the position of chairman, he is nonetheless a full, commissioned member of the SRC in good standing, holding all the rights and privileges of *that* office until his term ends, he is removed pursuant to Section 696(b)(2) of the School Code, or the SRC ceases to exist.

For these reasons, the relief Petitioner seeks cannot be granted.


_____
JOSEPH M. COSGROVE, Judge

---

[8] While each of this Commonwealth's constitutions since Independence has recognized "executive power" as "supreme," this is in contrast to their federal counterpart, which contains no such superlative. *See* U.S. Const. art. II, § 1: "The executive Power shall be vested in a President of the United States of America."

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William J. Green, IV, individually and, : 
in his official capacity as Chairman of : 
the School Reform Commission, : 
                   Petitioner : 
                           : 
             v. : 
                           : 
Thomas W. Wolf, in his official : 
capacity as Governor of the : 
Commonwealth of Pennsylvania; : 
The School Reform Commission of : 
the School District of Philadelphia; : 
and Marjorie Neff, in her Capacity as : 
member and putative Chair of the : 
School Reform Commission, :    No. 256 M.D. 2016
                 Respondents : 

## O R D E R

AND NOW, this 4th day of December, 2017, Petitioner's Amended Petition and his Application for Summary Relief are dismissed, and Respondent's Preliminary Objections are sustained. Accordingly, Petitioner's request for injunctive relief is dismissed as moot.

_____
JOSEPH M. COSGROVE, Judge